**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Cliff Rick,                                                     Case No. 3:10CV1779

        Petitioner

v.                                                        **ORDER**

Michael Sheets,
        Warden

        Respondent

Petitioner Cliff Rick objects [Doc. 17] to the Magistrate Judge's Report and Recommendation (Magistrate's Report) [Doc. 16], which recommends denying Rick's petition for habeas corpus pursuant to 28 U.S.C. § 2254. Based on a *de novo* review of the record and the applicable law, I overrule Rick's objections, and adopt the Magistrate's Report in full.

**Background**

The Ohio Court of Appeals laid out the background to Rick's case as follows:

This matter stems from the shooting death of Sydney Bell ("Bell") on approximately November 7, 2007. It is undisputed that Rick was responsible for the shooting death of Bell. However, at trial, Rick relied on a claim of self defense.

On November 14, 2007 Rick was indicted on one count of Aggravated Murder in violation of R.C. 2903.01(A) containing a Three Year Firearm Specification, one count of Tampering with Evidence in violation of R.C. 2921.12(A)(1), and one count

> of Possession of Cocaine in violation of R.C. 2925.11(A),(C)(4). On November 19, 2007 Rick pled not guilty to all charges.
>
> On December 12, 2007 Rick was also indicted on Possession of Cocaine in violation of R.C. 2925.11(A),(C)(4) and Illegal Use or Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1). Rick pled not guilty to these newly indicted charges on December 17, 2007.
>
> A jury trial was held from April 14, 2008 to April 18, 2008. At the conclusion of trial, the jury found Rick guilty of Murder, Tampering with Evidence, Possession of Cocaine, and Possession of Drug Paraphernalia.
>
> On May 20, 2008, Rick was sentenced to a term of 15 years to life in prison for one count of Murder, in violation of R.C. 2903.02(A); five years in prison for one count of Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; eight months in prison for one count of Possession of Cocaine, in violation of R.C. 2925.11(A),(C)(4), a felony of the fifth degree; and 30 days in jail for one count of Illegal Use or Possession of Drug Paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. Additionally, a Three Year Firearm Specification, pursuant to R.C. 2941.145, carrying a mandatory three year prison term was attached to the count of Murder.

*State v. Rick*, 2009 WL 427522, *1 (Ohio App.).

Rick appealed his conviction on several federal and state constitutional grounds: first, for lack of sufficient evidence to convict; second, for improper jury instructions regarding Rick's claim of self-defense; third, for prosecutorial misconduct; fourth, for improper jury instructions regarding voluntary manslaughter and the defense of duress; and fifth, for ineffective assistance of trial counsel. The Ohio Court of Appeals denied all grounds for appeal, and affirmed his conviction. *Id.*

Rick appealed the decision to the Ohio Supreme Court, only asserting his second, third, and fifth claims of error. On July 21, 2009, the Court denied review of all claims. *State v. Rick*, 122 Ohio St.3d 1456 (Table) (2009).

On August 12, 2010, Rick filed a petition in this court for federal habeas relief pursuant to 28 U.S.C. § 2254.

**Discussion**

Rick asserts two grounds for habeas relief: first, that the state trial court erred in instructing the jury regarding the affirmative defense of self-defense; and second, that the prosecutor acted in a prejudicial manner. I will consider them in turn.

**1. Jury Instruction**

The Magistrate Judge recommends dismissing Rick's claim of error regarding the state trial court's jury instruction on self-defense, finding the claim procedurally defaulted.

For a federal court to reach the merits of a petitioner's claims, the petitioner must show he "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Proper exhaustion requires that a petitioner present every claim in the federal petition to each level of the state courts, including the highest state court to which the petitioner is entitled to appeal. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999). Where a petitioner fails to submit a claim to the state courts, a district court must dismiss his petition so that he might go back to the state court and properly present the claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

A petitioner cannot avoid the exhaustion requirement where a claim is procedurally defaulted; in other words, where a petitioner submits a claim to the state court, but the court declines to reach the merits of a claim as it is barred due to state procedural rules. *Coleman*, *supra*, 501 U.S. at 729-30. The Sixth Circuit has laid down a four-part test to determine whether a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the

> court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

Rick does not dispute the existence of Ohio's rule requiring contemporaneous objection for improper jury instructions, that he failed to make such an objection, or that the contemporaneous objection rule is an adequate and independent state ground. Rick instead argues that the state trial court engaged in a merits analysis when it reviewed for plain error. The Sixth Circuit has held, however, that "a state court's plain error analysis does not save a petitioner from procedural default." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (citing *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000)). The court went on to state that plain error review "is not equivalent to a review of the merits." *Id.*

Rick's second objection to the Magistrate's recommendation on this issue is a cursory statement that the resolution of this claim constitutes a miscarriage of justice. The Supreme Court has held that a procedural default can also be excused for an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Rick makes no effort to show that his is indeed such an "extraordinary case," and therefore the procedural default cannot be excused.

### 2. Prosecutorial Misconduct

Rick's second claim of error alleges that the prosecutor made several statements which constituted prosecutorial misconduct These are that the prosecutor: 1) improperly commented on Rick's invocation of his right to an attorney; 2) misstated the law regarding self-defense during closing argument; and 3) expressed his opinion as to Rick's credibility, also during closing argument.

Because Rick properly exhausted this claim and obtained the state court's consideration on the merits, I review his claim on this standard:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The state court applied Ohio law in determining this claim, not federal constitutional law. Rick must thus show that the state court's decision was "contrary to" clearly established federal law

5

to secure habeas relief. Clearly established federal law comes from Supreme Court cases, not the rulings of lower courts. *Id.* at 412.

The Magistrate Judge determined that the prosecutor's statements did not rise to the level of constitutional error, and so the state court's review of the alleged misconduct was not contrary to clearly established federal law. Rick objects to this recommendation, arguing that the prosecutor's statements misstated the law and commented on his credibility as a witness in a way that denied Rick his right to due process.

"In the evaluation of a claim for prosecutorial misconduct, it is not enough that the prosecutor's comments were improper, but the relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Smith v. Mitchell*, 567 F.3d 246, 255 (6th Cir. 2009) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (internal quotation marks and further citations omitted). The Sixth Circuit has a four-factor test to determine whether a prosecutor's conduct is so improper and flagrant as to rise to the level of constitutional error:

> (1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant.

*Id.* at 256 (quoting *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006)) (further citations omitted).

The state court applied a virtually identical test in their evaluation of Rick's claim of error, *Rick*, 2009 WL 427522 at *9, as the Magistrate recognized. The Magistrate Judge extensively analyzed each instance of alleged improper conduct by the prosecutor, and found that the state court's decision was not contrary to clearly established federal law. In his objections to these

findings, Rick simply reiterates the arguments he made in his original petition, and fails to persuade me that the Magistrate erred in his findings.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Petitioner's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is adopted, with the petition dismissed.

So ordered.

s/James G. Carr
James G. Carr
Sr. United States District Judge
